KELVIN D. THOMPSON, Employee, Plaintiff v. CAROLINA CABINET COMPANY, Employer, ISURITY, INC., Carrier, Defendants

No. COA12-202

(Filed 6 November 2012)

**1. Workers' Compensation—remand—new conclusion of law—capable of work but futile based on preexisting conditions**

The Industrial Commission did not err in a workers' compensation case by following the Court of Appeals' instructions on remand when it made a new conclusion of law. It was apparent from the conclusion of law that the Commission found that plaintiff met his burden of proof under prong three of *Russell*, 108 N.C. App. 762, by producing evidence that he was capable of some work but that it would be futile because of pre-existing conditions.

THOMPSON v. CAROLINA CABINET CO.

[223 N.C. App. 352 (2012)]

**2. Workers' Compensation—conclusion of law—vocational factors**

The Industrial Commission did not err in a workers' compensation case by allegedly failing to identify the vocational factors that led to its decision in its conclusion of law. The findings of fact set out the vocational and physical considerations that supported the conclusion of law that plaintiff had met his burden of proving his disability under prong three of *Russell*, 108 N.C. App. 762.

**3. Workers' Compensation—mislabeling of conclusion of law as finding of fact—reversal not required**

Although the Industrial Commission's finding of fact 15 in a workers' compensation case was actually a conclusion of law, the Commission's mislabeling of this "finding" did not require reversal.

**4. Workers' Compensation—disability—third prong of Russell—futile to search for job**

The Industrial Commission did not err in a workers' compensation case by concluding that plaintiff was disabled under the third prong of *Russell*. The findings, which were supported by competent evidence including testimony from plaintiff's physician, were sufficient to support the Commission's conclusion that it would be futile for plaintiff to search for a job consistent with his physical restrictions and pain given his age, education, and past work experience.

Appeal by defendants from opinion and award entered 1 December 2011 by the North Carolina Industrial Commission. Heard in the Court of Appeals 6 June 2012.

*O'Malley Tunstall, PLLC, by Joseph P. Tunstall, III, for plaintiff-appellee.*

*Orbock Ruark & Dillard, PC, by Barbara E. Ruark and Jessica E. Lyles, for defendants-appellants.*

GEER, Judge.

Defendants Carolina Cabinet Company and Isurity, Inc. appeal from an opinion and award of the North Carolina Industrial Commission following a remand by this Court. In arguing that the Commission erred in awarding plaintiff Kelvin D. Thompson temporary disability benefits, defendants primarily contend that plaintiff failed to present sufficient evidence of disability under *Russell v.*

*Lowes Prod. Distribution,* 108 N.C. App. 762, 425 S.E.2d 454 (1993). We hold that the Commission's findings of fact are supported by competent evidence and those findings in turn support the Commission's conclusion that plaintiff met his burden of showing disability under *Russell.* We, therefore, affirm.

## Facts

On 21 October 2008, Mr. Thompson filed a claim for workers' compensation benefits. On 17 November 2009, the deputy commissioner issued an opinion and award concluding that Mr. Thompson had suffered a compensable back injury and awarding plaintiff temporary total disability benefits and payment of past and future medical expenses. On appeal by defendants, the Full Commission, in a 14 June 2010 opinion and award, adopted the deputy commissioner's opinion and award with minor modifications.

Defendants appealed to this Court. In *Thompson v. Carolina Cabinet Co.,* 214 N.C. App. 563, 714 S.E.2d 867, 2011 WL 3569961, 2011 N.C. App. LEXIS 1870 (2011) (unpublished), this Court remanded for clarification of the basis for the Commission's conclusion that plaintiff was disabled.

The Commission's pertinent conclusion of law had stated:

> 5. According to *Russell,* plaintiff can prove disability four ways: (1) the production of medical evidence that he is physically or mentally, as a consequence of the work related injury, incapable of work in any employment; (2) the production of evidence that he is capable of some work, but that he has, after a reasonable effort on his part, been unsuccessful in his effort to obtain employment; (3) the production of evidence that he is capable of some work but that it would be futile because of pre-existing conditions, i.e., age, inexperience, lack of education, to seek other employment; or (4) the production of evidence that he has obtained other employment at a wage less than that earned prior to the injury. *Russell v. Lowe's Product Distribution,* 108 N.C. App. 762, 425 S.E.2d 454 (1993). In the present case the evidence shows that, given plaintiff's current physical and vocational limitations, plaintiff is incapable of work in any employment.

With respect to this conclusion of law, this Court held that because "the Full Commission used language from prongs one and three of *Russell* in its conclusion, we agree with defendants that the Full

Commission's conclusion is not clear." *Id.*, 2011 WL 3569961 at *3, 2011 N.C. App. LEXIS 1870 at *6.

The Court pointed out that "[t]he Full Commission's conclusion incorporates the 'any employment' language of the first prong and 'plaintiff's current physical . . . limitations' which could be referring to 'medical evidence that he is physically . . . incapable of work[,]' as the first prong requires." *Id.*, 2011 WL 3569961 at *3, 2011 N.C. App. LEXIS 1870 at *7 (first and third internal quotations quoting *Russell*, 108 N.C. App. at 765, 425 S.E.2d at 457). The Court continued: "The Full Commission's conclusion also relies on plaintiff's 'vocational limitations[,]' which could be referring to 'pre-existing conditions, i.e., age, inexperience, lack of education' in prong three but makes no mention as to whether plaintiff 'is capable of some work but that it would be futile' because of these 'vocational limitations' for plaintiff 'to seek other employment' as prong three requires." *Id.*, 2011 WL 3569961 at *3, 2011 N.C. App. LEXIS 1870 at *7 (second and fourth internal quotations quoting *Russell*, 108 N.C. App. at 765, 425 S.E.2d at 457). The Court therefore remanded the case to the Commission for clarification of its opinion and award. *Id.*, 2011 WL 3569961 at *3, 2011 N.C. App. LEXIS 1870 at *8.

On 1 December 2011, the Commission entered a new opinion and award on remand. The Commission concluded that plaintiff had "met his initial burden to show that he was totally disabled from September 10, 2008 and continuing[] by showing that a job search would be futile in light of his physical and vocational limitations." The Commission further concluded that "[d]efendants have not shown that suitable jobs are available for plaintiff and that plaintiff is capable of obtaining a suitable job, taking into account plaintiff's physical and vocational limitations." The Commission, therefore, awarded plaintiff temporary total compensation from 10 September 2008 and continuing until plaintiff returned to work or further order of the Commission. Defendants timely appealed to this Court.

Discussion

[1] As an initial matter, defendants argue that the Commission, on remand, did not follow this Court's instructions on remand when it made the following new conclusion of law:

> 5. In order to meet the burden of proving continuing disability, an employee must prove that he was incapable of earning pre-injury wages in either the same or in any other employment and that the incapacity to earn pre-injury wages

was caused by the employee's injury. *Hilliard v. Apex Cabinet Co.*, 305 N.C. 593, 290 S.E.2d 682 (1982). An employee may meet the initial burden of production by producing one of the following: (1) medical evidence that he is physically or mentally, as a result of the work-related injury, incapable of work in any employment; (2) evidence that he is capable of some work, but that he has, after a reasonable effort, been unsuccessful in his efforts to obtain employment; (3) evidence that he is capable of some work, but that it would be futile because of preexisting conditions, such as age, inexperience, or lack of education, to seek employment; or (4) evidence that he has obtained other employment at wages less than his pre-injury wages. *Demery v. Perdue Farms, Inc.*, 143 N.C. App. 259, 545 S.E.2d 485[, *aff'd per curiam*, 354 N.C. 355, 554 S.E.2d 337] (2001); *Russell*, 108 N.C. App. 762, 425 S.E.2d 454 (1993). When a plaintiff meets his burden of showing disability, the burden then shifts to defendant to produce evidence that suitable jobs are available for the employee and that the employee is capable of obtaining a suitable job, taking into account both physical and vocational limitations. *Demery*, 143 N.C. App. 259, 545 S.E.2d 485 (2001). *In the instant case, plaintiff has met his initial burden to show that he was totally disabled from September 10, 2008 and continuing, by showing that a job search would be futile in light of his physical and vocational limitations. Russell, 108 N.C. App. 762, 425 S.E.2d 454 (1993). Defendants have not shown that suitable jobs are available for plaintiff and that plaintiff is capable of obtaining a suitable job, taking into account plaintiff's physical and vocational limitations. Demery, 143 N.C. App. 259, 545 S.E.2d 485 (2001).*

(Emphasis added.)

Defendants contend that this conclusion of law remains inadequate because the Commission still did not expressly state which prong applied, did not find or conclude that plaintiff was capable of some work, and did not specify the vocational factors upon which it was relying to find a job search futile. Defendants argue further that "[b]y again including reference to Plaintiff's physical condition and failing to cite if they believe him to be capable of some work, the Commission's finding is no clearer now than it was initially." We disagree.

This Court's prior opinion essentially directed the Commission not to merge prongs one and three of *Russell*, but rather to identify

THOMPSON v. CAROLINA CABINET CO.

[223 N.C. App. 352 (2012)]

the specific prong upon which the Commission was basing its determination that plaintiff was totally disabled. It is now apparent from the conclusion of law that the Commission found that plaintiff met his burden of proof under *Russell's* third prong by producing evidence "that he is capable of some work but that it would be futile because of preexisting conditions, i.e., age, inexperience, lack of education, to seek other employment . . . ." *Russell*, 108 N.C. App. at 765, 425 S.E.2d at 457.

Defendants, however, point to the Commission's reliance on "physical" limitations as well as "vocational" limitations as showing that the Commission again merged prong one and prong three. However, any determination under prong three that a job search would be futile necessarily required the Commission to consider the plaintiff's physical limitations. A job search would be limited only to those jobs consistent with the plaintiff's physical restrictions. Defendants also object that the Commission did not specifically say, as provided in *Russell's* third prong, that plaintiff was capable of some work. Yet, a finding of futility presumes that an employee is capable of some work physically. There would be no need for a finding that a job search would be futile if an employee was in fact incapable of working at all under prong one of *Russell*.

[2] Defendants next argue that the conclusion of law did not identify the vocational factors that led to its decision. While the opinion and award is not as detailed as we would prefer, it is minimally adequate regarding the basis for the determination that a job search would be futile. We note that the better practice would be to include more specific findings explaining the basis for the Commission's decision that any job search would be futile.

The findings of fact include plaintiff's age, indicate that plaintiff had only a high school education, and had a prior work history that included only heavy labor jobs. In addition, the Commission found that plaintiff's doctor had imposed work restrictions of 15 pounds lifting, no more than nine hours on the job, and avoidance of repetitious bending, lifting, and twisting. Because defendant employer had no work within plaintiff's restrictions, the company terminated his employment. Further, plaintiff continues to have steady pain that varies greatly in intensity. These findings of fact set out the vocational and physical considerations that supported the conclusion of law that plaintiff had met his burden of proving his disability under prong three of *Russell*.

THOMPSON v. CAROLINA CABINET CO.

[223 N.C. App. 352 (2012)]

Defendants, however, argue that certain of these findings of fact are not supported by the evidence. Specifically, defendants challenge the findings that (1) plaintiff received no further education after high school, (2) plaintiff's vocational history prior to working for defendant employer included only heavy labor jobs such as sheetrock work and welding, (3) plaintiff's fishing activities did not involve any activity materially inconsistent with plaintiff's testimony or information supplied to his doctors, and (4) plaintiff had steady pain that varied greatly in intensity. Our review of the transcript reveals that each of these findings is in fact supported by plaintiff's testimony. While plaintiff may not have used the precise words of the findings in his testimony, the findings reasonably paraphrase plaintiff's testimony or are inferences reasonably drawn from that testimony.

[3] Defendants also contend that the Commission's finding of fact 15 is actually a conclusion of law. That finding reads:

The credible medical and vocational evidence of record shows that, as a result of his September 4, 2008 injury, taking into account both his physical and vocational limitations, plaintiff has been totally disabled and unable to earn any wages in any employment from September 10, 2008 and continuing.

"A 'conclusion of law' is a statement of the law arising on the specific facts of a case which determines the issues between the parties." *In re Everette*, 133 N.C. App. 84, 85, 514 S.E.2d 523, 525 (1999). We agree that finding of fact 15 is actually a conclusion of law. Nonetheless, the Commission's mislabeling of this "finding" does not require reversal. *See Stan D. Bowles Distrib. Co. v. Pabst Brewing Co.*, 69 N.C. App. 341, 344, 317 S.E.2d 684, 686 (1984) ("If the finding of fact is essentially a conclusion of law, however, it will be treated as a conclusion of law which is reviewable on appeal.").

[4] Finally, defendants argue that the Commission's conclusion that plaintiff is disabled is not supported by its findings of fact or the evidence. Defendants concede that this Court has held that a plaintiff is not required to present medical evidence or the testimony of a vocational expert on the issue of futility. Yet, curiously, defendants repeatedly assert that the Commission's conclusion that plaintiff met his burden of showing futility is unsupported because no physician or vocational expert testified that a job search would be futile. *But see Weatherford v. Am. Nat'l Can Co.*, 168 N.C. App. 377, 383, 607 S.E.2d 348, 352-53 (2005) (upholding Commission's conclusion that plaintiff met third prong of *Russell* without reference to any testimony by

vocational expert); *White v. Weyerhaeuser Co.*, 167 N.C. App. 658, 672, 606 S.E.2d 389, 399 (2005) (holding that while medical evidence is necessary under the first prong of *Russell*, "[t]he absence of medical evidence does not preclude a finding of disability under one of the other three tests").

We hold that the Commission's findings are sufficient to support its conclusion that plaintiff met his burden of showing futility. With respect to vocational considerations, the Commission pointed out that plaintiff was, at the time of its decision, 45 years old, had only completed high school, and his work experience was limited to heavy labor jobs. Turning to plaintiff's physical limitations, he was restricted to lifting no more than 15 pounds and working no longer than nine hours a day. He was required to avoid repetitious bending, lifting, and twisting. Defendant employer was unable to supply work that met those limitations. Further, plaintiff was experiencing steady pain, although that pain varied greatly in intensity.

These findings, which are supported by competent evidence, including testimony from plaintiff's physician, are sufficient to support the Commission's conclusion that it would be futile for plaintiff to search for a job consistent with his physical restrictions and pain given his age, education, and past work experience. Although the Commission was not required to reach this conclusion given the evidence, its decision is sufficiently supported under our standard of review. *See Weatherford*, 168 N.C. App. at 383, 607 S.E.2d at 352-53 (upholding Commission's conclusion that plaintiff was disabled under prong three based on plaintiff's evidence that he was 61, had only a GED, had worked all of his life in maintenance positions, was suffering from severe pain in his knee, and, as his doctor testified, was restricted from repetitive bending, stooping, squatting, or walking for more than a few minutes at a time); *Johnson v. City of Winston-Salem*, 188 N.C. App. 383, 392, 656 S.E.2d 608, 615 (holding that evidence tended to show that effort to obtain sedentary light-duty employment, consistent with doctor's restrictions, would have been futile given plaintiff's limited education, limited experience, limited training, and poor health), *aff'd per curiam*, 362 N.C. 676, 669 S.E.2d 319 (2008).[1]

---

1. Although defendants make various arguments regarding whether plaintiff met his burden under the first prong of *Russell*, we need not address them since that prong was not the basis for the Commission's opinion and award.

THOMPSON v. CAROLINA CABINET CO.

[223 N.C. App. 352 (2012)]

Once an employee meets his initial burden of production under *Russell*, the burden of production shifts to the employer to show that suitable jobs are available and that the employee is capable of obtaining a suitable job taking into account both physical and vocational limitations. *Demery*, 143 N.C. App. at 265, 545 S.E.2d at 490. Defendants have, however, made no argument that the trial court erred in concluding that defendants failed to meet their burden. In their brief on appeal, defendants simply state that they "contend that there are likely numerous jobs in the economy for which Plaintiff could have qualified and obtained [sic], given his age, education, experience, and light duty restrictions . . . ." Defendants cannot meet their burden through speculation.

We, therefore, uphold the Commission's determination that plaintiff is disabled under the third prong of *Russell*. Because defendants make no further arguments, the Commission's opinion and award is affirmed.

Affirmed.

Judges ROBERT C. HUNTER and BEASLEY concur.