CALABRIA, Judge.
Dawson F. Neckles ("plaintiff") appeals from an opinion and award of the North Carolina Industrial Commission ("the Commission") determining that he was no longer entitled to temporary total disability benefits. We reverse and remand.
I. Background
Plaintiff is a 68-year-old man who moved to the United States from Grenada in 1989. Since his arrival, plaintiff has worked for various employers as a meat cutter, and he began working in that role for defendant Harris Teeter in 2007. According to the job description, a meat cutter is required to lift and move up to 100 pounds on a regular basis and must be able to reach from 6 to 72 inches. The position also occasionally requires climbing, balancing, stooping, kneeling, or crouching.
On 30 June 2009, plaintiff injured his right hip, lower back, and right extremities while attempting to move a box of meat to the top of a stack. An MRI of plaintiff's lower back revealed a pars fracture or spondylolysis at L5, multilevel disc bulging, and spinal and foraminal stenosis. Harris Teeter and its insurance carrier, Travelers Indemnity, (collectively, "defendants") filed a Form 60 admitting that plaintiff had suffered a compensable injury and initiated payments of temporary total disability.
Plaintiff participated in a functional capacity evaluation on 26 January 2010. The evaluation concluded that he was unable to return to his job as a meat cutter but was capable of performing functions in the "light physical demand" category. On 8 February 2010, plaintiff's doctor found that he had obtained maximum medical improvement. However, plaintiff continued to experience pain and weakness in his lower back and right leg. Over the next few years, he required further medical treatment and intermittent use of a cane in order to walk.
At defendants' request, on 15 September 2011, plaintiff met with John Kobelsky ("Mr. Kobelsky"), a vocational rehabilitation specialist, to assess plaintiff's "current vocational potential." After interviewing plaintiff and reviewing his records, Mr. Kobelsky determined that it would be "difficult" to place plaintiff in the open job market. As a result, he decided not to perform any further testing or complete a transferrable skills analysis.
On 25 June 2014, defendants filed a Form 33 alleging that "[p]laintiff is no longer disabled" and requesting that the claim be assigned for hearing by the Commission. Plaintiff responded that he remained disabled, and he sought an order compelling defendants to pay for all related medical compensation. Following a hearing, on 16 July 2015, Deputy Commissioner Bradley W. Houser entered an opinion and award determining that plaintiff was entitled to continued payment of temporary total disability benefits and all related medical expenses incurred as a result of his 30 June 2009 workplace injury. The deputy commissioner found that "[b]ased upon the preponderance of the evidence in view of the entire record, ... a job search by plaintiff ... would be futile based on his age, education, work experience, work restrictions for his compensable back injury, unrelated health conditions, and difficulty communicating." Defendants appealed to the Full Commission.
On 27 January 2016, the Commission entered an opinion and award reversing, in part, the deputy commissioner's decision. The Commission concluded that plaintiff was entitled to continued payment of his medical expenses, but not temporary total disability benefits because he "failed to meet his burden of showing that it would be futile for him to look for work." Commissioner Danny Lee McDonald dissented on the issue of ongoing disability because he believed that plaintiff had proven that it would be futile for him to search for new employment. Plaintiff timely appealed.
II. Analysis
Plaintiff argues that the Commission erred in determining that he failed to meet his burden of proving disability, because it would be futile for him to seek another job. We agree.
We review an opinion and award of the Industrial Commission to determine whether the findings of fact are supported by any competent evidence and whether those findings support the Commission's ultimate conclusions of law. Johnson v. City of Winston-Salem , 188 N.C. App. 383, 386, 656 S.E.2d 608, 611-12 (citation omitted), aff'd per curiam , 362 N.C. 676, 669 S.E.2d 319-20 (2008). "The Commission's fact findings will not be disturbed on appeal if supported by any competent evidence even if there is evidence in the record which would support a contrary finding." Peoples v. Cone Mills Corp. , 316 N.C. 426, 432, 342 S.E.2d 798, 803 (1986) (citation omitted). "However, if the findings are predicated on an erroneous view of the law or a misapplication of the law, they are not conclusive on appeal." Simon v. Triangle Materials, Inc. , 106 N.C. App. 39, 41, 415 S.E.2d 105, 106 (citation omitted), disc. review denied , 332 N.C. 347, 421 S.E.2d 154 (1992). "The determination of whether a disability exists is a conclusion of law that must be based upon findings of fact supported by competent evidence." Parker v. Wal-Mart Stores, Inc. , 156 N.C. App. 209, 212, 576 S.E.2d 112, 113 (2003) (citation omitted). We review the Commission's conclusions of law de novo . Johnson , 188 N.C. App. at 386, 656 S.E.2d at 612.
The North Carolina Workers' Compensation Act defines "disability" as "incapacity because of injury to earn the wages which the employee was receiving at the time of injury in the same or any other employment." N.C. Gen. Stat. § 97-2(9) (2015). Our Supreme Court has consistently held that this definition "specifically relates to the incapacity to earn wages, rather than only to physical infirmity." Medlin v. Weaver Cooke Constr., LLC , 367 N.C. 414, 420, 760 S.E.2d 732, 736 (2014) (citations omitted). The claimant bears the burden of proving the existence and extent of his or her disability. Id.
In the instant case, defendants accepted liability for plaintiff's injury by filing a Form 60, "Employer's Admission of Employee's Right to Compensation," pursuant to N.C. Gen. Stat. § 97-18(b). See Sims v. Charmes/Arby's Roast Beef , 142 N.C. App. 154, 159, 542 S.E.2d 277, 281, disc. review denied , 353 N.C. 729, 550 S.E.2d 782 (2001). However, the filing of a Form 60 "does not create a presumption of continuing disability...." Id. at 159-60, 542 S.E.2d at 282. Therefore, plaintiff retained the burden of proving that he remained disabled as a result of his compensable injury. Id. at 160, 542 S.E.2d at 282.
In order to establish disability, the claimant must prove:
(1) that plaintiff was incapable after his injury of earning the same wages he had earned before his injury in the same employment, (2) that plaintiff was incapable after his injury of earning the same wages he had earned before his injury in any other employment, and (3) that this individual's incapacity to earn was caused by plaintiff's injury.
Hilliard v. Apex Cabinet Co. , 305 N.C. 593, 595, 290 S.E.2d 682, 683 (1982). The first two elements may be proven by any of the following methods, originally articulated by this Court in Russell v. Lowe's Prod. Distrib'n , 108 N.C. App. 762, 765, 425 S.E.2d 454, 457 (1993) :
(1) the production of medical evidence that he is physically or mentally, as a consequence of the work related injury, incapable of work in any employment; (2) the production of evidence that he is capable of some work, but that he has, after a reasonable effort on his part, been unsuccessful in his effort to obtain employment; (3) the production of evidence that he is capable of some work but that it would be futile because of preexisting conditions, i.e., age, inexperience, lack of education, to seek other employment; or (4) the production of evidence that he has obtained other employment at a wage less than that earned prior to the injury.
Medlin , 367 N.C. at 420-22, 760 S.E.2d at 736-37. To prove causation, the third element of disability, the plaintiff must prove "that his inability to obtain equally well-paying work is because of his work-related injury." Id. at 422, 760 S.E.2d at 737. "[A] claimant's inability to find equally lucrative work is a function of both economic conditions and his specific limitations." Id. at 423, 760 S.E.2d at 738.
The third method set forth in Russell , commonly known as the "futility method," forms the basis of this appeal. This method compensates an employee "for the actual incapacity he or she suffers, and not for the degree of disability which would be suffered by someone younger or who possesses superior education or work experience." Peoples , 316 N.C. at 441, 342 S.E.2d at 808. The plaintiff must prove that he or she is unable to obtain work but need not demonstrate an unsuccessful attempt to find a job. Id. at 444, 342 S.E.2d at 809 (stating that where "an employee's effort to obtain employment would be futile because of age, inexperience, lack of education or other preexisting factors, the employee should not be precluded from compensation for failing to engage in the meaningless exercise of seeking a job which does not exist").
On appeal, plaintiff contends that the Commission "misapplied the law when considering the evidence and determining whether [p]laintiff satisfied the futility method for proving disability." Specifically, plaintiff challenges Finding of Fact 33 and Conclusions of Law 10 and 11, which respectively provide:
33. Based on the preponderance of the evidence in view of the entire record, the Full Commission finds that plaintiff has failed to show that it would be futile for him to attempt to find employment. While Mr. Kobelsky testified it would be "difficult" to place plaintiff in a job, "difficult" is not tantamount to futile. Furthermore, Mr. Kobelsky acknowledged that a 30 pound lifting restriction, such as Dr. Broom assigned, would open up potentially hundreds of jobs identified as light duty in the Dictionary of Occupational Titles.
...
10. In the instant case, plaintiff has failed to meet his burden of showing that he continues to be disabled as a result of his 30 June 2009 injury by accident. Hilliard , 305 N.C. at 595, 290 S.E.2d at 683. Neither orthopedic expert indicated that plaintiff was medically disabled from all work since he was determined by Dr. VanDerNoord to have reached [maximum medical improvement] on 8 February 2010. Russell , 108 N.C. App. 765, 425 S.E.2d at 457. Plaintiff has not worked for any employer since 30 June 2009, and provided no evidence that he has sought new employment. Id. Furthermore, vocational rehabilitation professional, Mr. Kobelsky, testified merely that it would be "difficult" to place plaintiff in a job and acknowledged that the 30 pound lifting restriction assigned by Dr. Broom would open up numerous jobs to plaintiff. In Wilkes , the Court concluded that a plaintiff is not required to present medical evidence or expert vocational testimony in order to meet his burden of proving that it would be futile to seek employment. Wilkes [ v. City of Greenville , --- N.C. App. ----, ----, 777 S.E.2d 282, 291 (2015) ]. In the instant case, there is expert vocational testimony that it would be "difficult," not "futile," for plaintiff to seek employment. Accordingly, the Full Commission concludes that plaintiff has failed to meet his burden of showing that it would be futile for him to look for work. Russell , 108 N.C. App. 765, 425 S.E.2d at 457.
11. As he has failed to meet his burden of proving that he is disabled as a result of his 30 June 2009 injury by accident, plaintiff is not entitled to temporary total disability benefits following 25 June 2014, the date defendants filed their Industrial Commission Form 33 Request that Claim be Assigned for Hearing .
Based on the above, plaintiff asserts that the Commission erroneously limited its conclusion regarding disability to Mr. Kobelsky's testimony and failed to consider other evidence supporting the futility of his job search. We agree.
Wilkes v. City of Greenville , --- N.C. App. ----, 777 S.E.2d 282 (2015), disc. review allowed , --- N.C. ----, 784 S.E.2d 468 (2016), is strikingly similar and instructive on this issue. The Wilkes plaintiff, a 62-year-old landscaper who had worked for the defendant-city for nine years, was injured in a multi-vehicle accident while driving one of the defendant's trucks. --- N.C. App. at ----, 777 S.E.2d at 284. After a hearing, the deputy commissioner concluded that it would be futile for the plaintiff to seek employment, due to "his age, full-scale IQ of 65, education level and reading capacity at grade level 2.6, previous work history of manual labor jobs, and his physical conditions resulting from his ... compensable injury[.]" Id. at ----, 777 S.E.2d at 285. The Full Commission, however, determined that the plaintiff had "presented insufficient evidence that a job search would be futile" and reversed the deputy commissioner's opinion and award. Id. On appeal, this Court held that although the plaintiff was capable of some work, he had nevertheless "demonstrated the futility of engaging in a job search" through evidence of his preexisting conditions. Id. at ----, 777 S.E.2d at 291. We explained that the question before the Commission was fact-specific: "whether Plaintiff -who is in his sixties and has intellectual limitations, difficulties with reading, and no other job experience outside of physical labor-would be able to obtain a position in sedentary employment." Id. at ----, 777 S.E.2d at 290.
In the instant case, the Commission correctly stated but misapplied Wilkes regarding the evidence required to prove disability under the futility method. Finding of Fact 33, largely based on Mr. Kobelsky's testimony that it would be "difficult," rather than "futile," for plaintiff to find a job, provides incomplete analysis. As the Commission accurately noted in Conclusion of Law 10, the Wilkes Court reaffirmed that "a plaintiff is not required to present medical evidence or the testimony of a vocational expert on the issue of futility." Id. at ----, 777 S.E.2d at 291 (citing Thompson v. Carolina Cabinet Co. , 223 N.C. App. 352, 358, 734 S.E.2d 125, 129 (2012) ). Nevertheless, the Commission implicitly required plaintiff to produce such evidence by limiting its determination of futility to this narrow portion of Mr. Kobelsky's testimony. The Commission also failed to consider its other findings of fact, which establish that plaintiff: was 68 years old at the hearing; attended two years of college in Grenada in the early 1970s but did not graduate; had only ever worked as a meat cutter since moving to the United States in 1989; experiences "difficulty reading"; possesses "limited transferrable skills" and lacks computer knowledge; and suffers from "chronic health problems which include angina, poorly controlled diabetes, and gout, in addition to his low back pain[.]" Furthermore, even assuming, arguendo , that there are "potentially hundreds of jobs" that would meet the light-duty lifting restriction imposed by plaintiff's doctors, the Commission made no findings or conclusions regarding plaintiff's ability to obtain one of those jobs, given his preexisting conditions. See Johnson , 188 N.C. App. at 391, 656 S.E.2d at 615 (stating that "the fact that [the p]laintiff can perform light-duty work does not in itself preclude the Full Commission from making an award for total disability if the evidence shows that, because of preexisting limitations, [the p]laintiff is not qualified to perform the kind of light-duty jobs that might be available in the marketplace" (citation omitted)).
The appellate record contains further evidence of plaintiff's employment limitations. At the hearing, counsel had to move closer in order for plaintiff to hear the questions being asked of him, and the court reporter noted in the transcript that "[d]ue to the witness' heavy accent, inaudible or unintelligible is used frequently during his testimony." Mr. Kobelsky testified that he had to "repeat questions ... and listen very carefully" in order to communicate with plaintiff. When asked whether plaintiff would be capable of performing office work, Mr. Kobelsky opined, "I don't know many office positions that don't utilize computer knowledge or computer input. And he may have difficulty communicating by phone or in person due to his heavy accent."
We hold that plaintiff met his burden of proving disability under the futility method set forth in Russell . See 108 N.C. App. at 765, 425 S.E.2d at 457. Plaintiff produced ample evidence that seeking employment would be a "meaningless exercise" because of his age; education level; communication barriers; limited vocational training and experience; chronic health conditions; and compensable workplace injury. See Peoples , 316 N.C. at 444, 342 S.E.2d at 809. Since we have determined that plaintiff sufficiently demonstrated the futility of seeking another job, we need not consider his remaining arguments.
III. Conclusion
We reverse the Commission's opinion and award. On remand, defendants will bear the burden of demonstrating that suitable jobs are available to plaintiff and that he is capable of obtaining one, "taking into account both [his] physical and vocational limitations." Wilkes , --- N.C. App. at ----, 777 S.E.2d at 289 (citations omitted).
REVERSED AND REMANDED.
Report per Rule 30(e).
Judges BRYANT and STEPHENS concur.