IN THE COURT OF APPEALS OF NORTH CAROLINA

 No. COA19-461

 Filed: 7 January 2020

From the North Carolina Industrial Commission, I.C. No. 14-053926

STACY GRIFFIN, Employee-Plaintiff,

 v.

ABSOLUTE FIRE CONTROL, INC., Employer, EVEREST NATIONAL INS. CO. &
GALLAGHER BASSETT SERVS., Carrier, Defendants.

 Appeal by Plaintiff from an opinion and award entered 25 January 2019 by the

North Carolina Industrial Commission. Heard in the Court of Appeals 30 October

2019.

 Sellers, Ayers, Dortch & Lyons, PA, by Christian R. Ayers, and John F. Ayers,
 III, for Plaintiff.

 Brotherton, Ford, Berry & Weaver, PLLC, by Demetrius Worley Berry, and
 Daniel J. Burke, for Defendant.

 BROOK, Judge.

 Stacy Griffin (“Plaintiff”) appeals from the opinion and award of the North

Carolina Industrial Commission (the “Commission”) denying his request for

disability compensation from Absolute Fire Control and its insurance carriers,

Everest National Insurance Company and Gallagher Bassett Services (collectively

“Defendants”). On appeal, Plaintiff argues the Commission erred in concluding he
 GRIFFIN V. ABSOLUTE FIRE CONTROL

 Opinion of the Court

was not disabled and that his post-injury job was suitable employment. We affirm in

part. We reverse in part and remand for additional findings.

 I. Factual and Procedural Background

 Plaintiff worked for Defendant from 4 June 2007 to 23 October 2014 as a pipe

fitter in Charlotte, North Carolina. Plaintiff’s job responsibilities included installing

and hanging sprinkler pipes and operating power machines and grease fittings.

Plaintiff worked ten hours a day, five days a week, and earned between $18 and $20

dollars per hour. Plaintiff testified that pipefitters are expected to be able to lift the

pipes they are working with and that pipes could weigh anywhere from 25 to 300

pounds.

 On 23 October 2014, while Plaintiff was operating a scissor lift at work, the

machine malfunctioned and threw Plaintiff into the rails of the lift, which caused

injuries to his upper left back and ribs. Plaintiff returned to work one month after

his injuries but was restricted from lifting anything over 20 pounds, standing or

walking over 30 minutes, and driving while taking hydrocodone. Plaintiff’s pre-injury

job duties were outside of his assigned restrictions, so Defendant offered Plaintiff

work in the fabrication shop, which Plaintiff accepted. In the fabrication shop,

Plaintiff cut rods, drove a truck, made deliveries, and boxed up materials needed at

job sites. Plaintiff testified at the hearing before the Full Commission that he

primarily was “helping” another employee in the shop who had been assigned to the

 2
 GRIFFIN V. ABSOLUTE FIRE CONTROL

 Opinion of the Court

shop around the same time as Plaintiff. That employee, according to Jeffrey Younts,

Vice President of Absolute Fire Control, replaced someone who had previously been

in that position and was lifting more than 20 pounds. Plaintiff maintained his pre-

injury work schedule and wage earnings.

 After two years of therapy, treatment, and joint injections, Plaintiff’s treating

physician assigned Plaintiff permanent work restrictions of no lifting more than 20

pounds, to alternate sitting and standing, no bending, and to wear a brace while

working.

 In August 2016, Plaintiff underwent non-work-related heart surgery. When

he returned to work in November 2016, Plaintiff asked his supervisor if he could

return to work in the field. Plaintiff believed the additional walking in the field would

help his back condition. Defendant allowed Plaintiff to return to the field as a helper,

where his job duties included wrapping Teflon tape on sprinkler heads, putting pipe

hangers together, and driving a forklift to load sprinkler pipe for the installation

crews.

 On 28 November 2016, Plaintiff filed a Form 33 “Request for Hearing” seeking

a determination as to whether the fabrication shop and field helper positions were

suitable jobs. A hearing was held before Deputy Commissioner Jesse M. Tillman, III,

on 20 June 2017. Deputy Commissioner Tillman issued an opinion and award finding

Plaintiff had failed to meet his burden of proving he was disabled and thus did not

 3
 GRIFFIN V. ABSOLUTE FIRE CONTROL

 Opinion of the Court

reach the question of whether the positions were suitable employment. Deputy

Commissioner Tillman denied Plaintiff’s request for temporary total and temporary

partial disability payments.

 Plaintiff appealed to the Full Commission (the “Commission”). After hearing

the appeal on 7 May 2018, the Commission issued its opinion and award on 25

January 2019 affirming the Deputy Commissioner and additionally finding the

fabrication shop position was suitable employment. The Commission found in part:

 28. [Vice President of Absolute Fire Control] Mr.
 Younts testified the fabrication shop positions are
 permanent positions with Defendant-Employer. Mr.
 Younts testified the work within the fabrication shop is an
 essential part of what Defendant-Employer does through
 packaging material, putting the parts together so the pipe
 fitters and foreman can do the work at the job sites and
 Defendant-Employer continues to have a need to hire and
 employ workers in the fabrication shop.

 ...

 32. Based upon a preponderance of the evidence
 in view of the entire record, the Full Commission finds that
 the fabrication shop is suitable employment. The
 fabrication shop position is a permanent position with
 Defendant-Employer for which Defendant-Employer has a
 regular and constant need to keep staffed. The fabrication
 shop position was not specifically tailored or created for
 Plaintiff. Further, the job duty requirements for the
 fabrication shop position are within Plaintiff’s permanent
 restrictions and Plaintiff was physically able to perform
 these job duties for almost two years from November 24,
 2014 until his non-work-related heart surgery in August
 2016. The fabrication shop position entailed the same
 wages and hours as Plaintiff’s pre-injury position.

 4
 GRIFFIN V. ABSOLUTE FIRE CONTROL

 Opinion of the Court

 33. Based upon a preponderance of the evidence
in view of the entire record, the Full Commission finds that
Defendant-Employer’s unique hiring practices of hiring
based upon word of mouth and personal recommendations
does not render the fabrication shop position not suitable.
Albeit confined to Defendant-Employer’s unique
“advertisement,” the positions available with Defendant-
Employer, including the fabrication shop position, are
available to individuals in the marketplace.

 34. With regard to Plaintiff’s contention that the
field helper job is not suitable employment, the Full
Commission finds that Defendant-Employer never offered
Plaintiff the field helper job as suitable employment. To
the contrary, Plaintiff specifically requested to return to
work in the field following his non-work-related heart
surgery and Defendant-Employer accommodated
Plaintiff’s request. Further, at the time Plaintiff chose to
return to work in the field, Defendant-Employer had
suitable employment available for Plaintiff in the
fabrication shop.

 ...

 37. Based upon a preponderance of the evidence
in view of the entire record, the Full Commission finds that
Plaintiff has failed to show that he is disabled. To the
contrary, a preponderance of the evidence shows that
Plaintiff is able to earn his pre-injury wages with
Defendant-Employer in a suitable position that is within
his permanent work restrictions. Furthermore, none of
Plaintiff’s treating physicians have removed him from
work in any employment. He has not made a reasonable,
but unsuccessful search for work nor has he shown that it
would be futile due to preexisting factors to search for
work. Plaintiff has not proven that he is disabled in
employment outside of his employment with Defendant-
Employer.

 5
 GRIFFIN V. ABSOLUTE FIRE CONTROL

 Opinion of the Court

The Commission then concluded:

 4. In controversy is whether the fabrication shop
 position that Plaintiff worked in from November 24, 2014
 until August 2016 and field worker position that Plaintiff
 worked in following his return to work in 2016 are suitable
 jobs and indicative of his wage earning capacity. Plaintiff
 contends that although he remains employed by
 Defendant-Employer, the work he is performing for
 Defendant-Employer is “make-work” and if his
 employment with Defendant-Employer were to end, then
 he would be unable to earn his pre-injury wages in the
 competitive marketplace. . . . In the present case, a
 preponderance of the evidence shows that the fabrication
 shop position with Defendant-Employer is suitable
 employment as it is a permanent position with Defendant-
 Employer and it is essential to Defendant-Employer’s
 business and is a position that Defendant-Employer has a
 regular and constant need to keep staffed. The fabrication
 shop position was not tailored or created specifically to fit
 Plaintiff’s restrictions. The fabrication shop position is
 within Plaintiff’s permanent restrictions and physical
 capacity to perform as evidenced by Plaintiff successfully
 performing the job duties of the fabrication shop position
 for almost two years and Plaintiff is working the same
 hours and earning the same wages he did in his pre-injury
 position. Further, the mere fact that Defendant-Employer
 confines the advertisement of its positions to the unique
 practice of word of mouth and/or personal
 recommendations does not render the positions with
 Defendant employer not suitable. . . . With regard to the
 field worker position, Defendant-Employer did not offer
 Plaintiff this position as suitable employment, instead
 Plaintiff requested to return to work in this position and
 Defendant-Employer accommodated Plaintiff’s request.
 Thus, the suitability of this position is moot.

 5. Furthermore, Plaintiff has not otherwise proven
 that he is disabled as no medical evidence was produced by
 Plaintiff that he is physically or mentally, as a result of the

 6
 GRIFFIN V. ABSOLUTE FIRE CONTROL

 Opinion of the Court

 work-related injury, incapable of work in any employment.
 No reasonable effort was made to obtain employment
 elsewhere. No evidence was presented that Plaintiff is
 capable of some work, but that seeking work would be futile
 because of preexisting conditions, such as wage,
 inexperience, or lack of education, to seek employment or
 that he is earning less than his pre-injury wages. Hilliard,
 305 N.C. at 595, 290 S.E.2d at 683; Russell, 108 N.C. App.
 762, 425 S.E.2d 454.

 Plaintiff timely appealed.

 II. Standard of Review

 Our review of an opinion and award of the Commission is “limited to

consideration of whether competent evidence supports the Commission’s findings of

fact and whether the findings support the Commission’s conclusions of law.” Philbeck

v. Univ. of Mich., 235 N.C. App. 124, 127, 761 S.E.2d 668, 671 (2014) (citation and

marks omitted). The findings of fact made by the Commission are conclusive on

appeal if supported by competent evidence “even if there is evidence to support a

contrary finding.” Nale v. Ethan Allen, 199 N.C. App. 511, 514, 682 S.E.2d 231, 234

(2009). The Commission’s conclusions of law are reviewed de novo. Gregory v. W.A.

Brown & Sons, 212 N.C. App. 287, 295, 713 S.E.2d 68, 74 (2011).

 III. Analysis

 The Plaintiff challenges three of the Commission’s conclusions that served to

bar him from disability benefits. First, the Commission concluded that Plaintiff had

not engaged in a reasonable but unsuccessful effort to obtain post-injury employment.

 7
 GRIFFIN V. ABSOLUTE FIRE CONTROL

 Opinion of the Court

Second, the Commission concluded “[n]o evidence was presented that Plaintiff is

capable of some work, but that seeking work would be futile because of preexisting

conditions, such as wage, inexperience, or lack of education, to seek employment or

that he is earning less than his pre-injury wages.” And, finally, Plaintiff takes issue

with the Commission’s conclusion that Defendant provided and, for a time, Plaintiff

performed suitable employment.

 We hold that the reasonable effort analysis reflects a well-reasoned application

of the law to these facts but conclude that the Commission’s futility and suitable

employment assessments are built on a misapplication of the governing case law.

 A. Disability and Suitable Employment Jurisprudence

 Disability means incapacity, because of injury, to earn the wages the employee

was receiving at the time of injury in the same or any other employment. N.C. Gen.

Stat. § 97-2(9) (2017). The burden is on the employee to prove diminished earning

capacity as the result of the work-related injury. See Harvey v. Raleigh Police Dep’t,

96 N.C. App. 28, 35, 384 S.E.2d 549, 553 (1989).

 A determination of disability is a conclusion of law that must be supported by

specific findings which show: (1) plaintiff was incapable after his injury of earning

the same wages he had earned before his injury in the same employment; (2) plaintiff

was incapable after his injury of earning the same wages he had earned before his

injury at any other employment; and (3) the incapacity to earn was caused by

 8
 GRIFFIN V. ABSOLUTE FIRE CONTROL

 Opinion of the Court

plaintiff’s injury.1 See Hilliard v. Apex Cabinet Co., 305 N.C. at 593, 290 S.E.2d at

682. The burden is on the employee to establish all three findings. See Medlin v.

Weaver Cooke Const., LLC, 367 N.C. 414, 420, 760 S.E.2d 732, 736 (2014). The

employee may offer proof of the first two findings through several methods, including:

 (1) By producing medical evidence that the employee is
 physically or mentally, as a consequence of the work-
 related injury, incapable of work in any employment; or

 (2) By producing evidence that the employee is capable of
 some work, but after reasonable effort on the part of the
 employee has been unsuccessful in efforts to obtain
 employment; or

 (3) By producing evidence that the employee is capable of
 some work but that it would be futile because of pre-
 existing conditions, i.e. age, inexperience, lack of
 education, to seek other employment; or

 (4) By producing evidence that the employee has obtained
 other employment at a wage less than that earned prior to
 the injury.

Russell v. Lowes Product Distribution, 108 N.C. App. 762, 765-66, 425 S.E.2d 454,

457 (1993).

 Once the employee presents substantial evidence that he is incapable of

earning the same wages in the same or any other employment, the burden shifts to

 1 There is no dispute in this case that Plaintiff is incapable of working in his pre-injury job
after his accident (Hilliard factor 1). Similarly, the parties agree and the Commission found Plaintiff’s
incapacity to earn was caused by his injury (Hilliard factor 3). Our analysis, and the parties’
arguments, are concerned only with whether Plaintiff is capable of earning his pre-injury wages at
any other employment (Hilliard factor 2).

 9
 GRIFFIN V. ABSOLUTE FIRE CONTROL

 Opinion of the Court

the employer to show the employee is capable of suitable employment. See Smith v.

Sealed Air Corp., 127 N.C. App. 359, 361, 489 S.E.2d 445, 446-47 (1997). Suitable

employment is “any job that a claimant is capable of performing considering his age,

education, physical limitations, vocational skills and experience.” Shah v. Howard

Johnson, 140 N.C. App. 58, 68, 535 S.E.2d 577, 583 (2000) (internal marks and

citation omitted).

 However, “[t]he fact that an employee is capable of performing employment

tendered by the employer [post-injury] is not, as a matter of law, an indication of

plaintiff’s ability to earn wages.” Saums v. Raleigh Community Hospital, 346 N.C.

760, 763, 487 S.E.2d 746, 749 (1997). For example, make-work positions are those

which have been “so modified because of the employee’s limitations” that they do not

“accurately reflect the [employee]’s ability to compete with others for wages.” Peoples

v. Cone Mills Corp., 316 N.C. 426, 438, 342 S.E.2d 798, 806 (1986). Central to

determining whether employment constitutes make work is whether or not the post-

injury job is “ordinarily available on the competitive marketplace.” Id. at 437-38, 342

S.E.2d at 805-06 (reasoning earning capacity “must be measured . . . by the

employee’s own ability to compete in the labor market, . . . [because] [w]ages paid by

an injured employee out of sympathy, or in consideration of his long service with the

employer, clearly do not reflect his actual earning capacity[]”); Id. (“The ultimate

objective of the disability test is . . . to determine the wage that would have been paid

 10
 GRIFFIN V. ABSOLUTE FIRE CONTROL

 Opinion of the Court

in the open market under normal employment conditions to [the employee] as

injured.”) (emphasis in original). Indeed, “[i]f the proffered job is generally available

in the market, the wages earned in it may well be strong, if not conclusive, evidence

of the employee’s earning capacity.” Id. at 440, 342 S.E.2d at 807.

 B. Plaintiff’s Challenges to Full Commission Opinion

 We now turn to whether the Full Commission correctly applied the law when

it concluded that Plaintiff was barred from disability benefits based on its findings,

addressing each of Plaintiff’s three challenges on point in turn.

 i. Reasonable Effort

 Plaintiff claims he demonstrated a reasonable but unsuccessful effort to obtain

employment under the second Russell factor. He argues the Commission erred as a

matter of law in concluding otherwise, and its findings as to these issues were not

supported by competent evidence.

 Though there is no general rule for determining the reasonableness of an

employee’s job search, see Gonzalez v. Tidy Maids, Inc., 239 N.C. App. 469, 478, 768

S.E.2d 886, 894 (2015), the Commission is “free to decide” whether an employee made

a reasonable effort to obtain employment, see Perkins v. U.S. Airways, 177 N.C. App.

205, 214, 628 S.E.2d 402, 408 (2006). On appeal, this Court defers to the Commission

in its determination of whether or not a claimant engaged in a reasonable job search,

so long as: (1) the Commission’s conclusion is based upon findings that are not

 11
 GRIFFIN V. ABSOLUTE FIRE CONTROL

 Opinion of the Court

conclusory and sufficiently explains its determination; and (2) such findings are

supported by competent evidence. Patillo v. Goodyear Tire & Rubber Co., 251 N.C.

App. 228, 239-41, 794 S.E.2d 906, 914 (2016). Consistent with this deferential

approach, this Court has previously affirmed the Commission’s conclusion that an

employee established a reasonable but unsuccessful effort to find employment when

he remained employed by his current employer. Snyder v. Goodyear, 252 N.C. App.

265, 796 S.E.2d 539, 2017 WL 900050 (2007) (unpublished).2

 Here, the Commission’s findings were supported by competent evidence and

not conclusory. The Commission found:

 36. Although he submitted a job list, Plaintiff
 testified he has not looked for work outside of Defendant-
 Employer’s business nor has he filed any applications with
 any employer because he likes who he is working for and
 enjoys working for Defendant-Employer. Plaintiff
 remained employed with Defendant-Employer as of the
 date of the hearing before the Deputy Commissioner.

 2 Plaintiff argues Snyder and a Deputy Commissioner opinion in Gregory S. Carpenter v.
Commonscope Holding Co., Inc., Op. Award, I.C. No. X30121 (N.C.I.C. Oct. 13, 2014) stand for the
proposition that “there is no requirement in the law that an employee attempt to obtain employment
elsewhere . . . if the employee continues to work with the employer in a make work job.” This argument
has two shortcomings. First, neither decision constitutes binding precedent. See Musi v. Town of
Shallotte, 200 N.C. App. 379, 383, 684 S.E.2d 892, 896 (2009) (explaining that stare decisis mandates
decisions by one court binds courts of the same or lower rank); N.C. R. App. P. 30(e)(3) (2019)
(articulating the non-precedential value of unpublished opinions). Second, Snyder is first and foremost
rooted in deference to a well-reasoned Full Commission reasonable effort determination. Snyder at
*12 (“[O]ur holding is simply that, based on our limited standard of review, the Commission’s
unchallenged findings of fact support its determination that Plaintiff made reasonable efforts to find
employment under the specific facts of this case.”).

 12
 GRIFFIN V. ABSOLUTE FIRE CONTROL

 Opinion of the Court

This finding, under these circumstances, provides a sufficient basis for the

Commission’s determination that Plaintiff did not engage in a reasonable job search.

As in Snyder, we affirm the Commission’s well-reasoned conclusion of law, which, on

this occasion, holds that Plaintiff failed to establish he is disabled under the second

Russell method.

 ii. Futility

 Plaintiff next argues that the Commission erred in concluding that Plaintiff

did not prove disability through a showing of futility because he brought forward “no

evidence” on this point.

 Under Russell, an employee may meet his burden of proving disability by

showing “the employee is capable of some work, but that it would be futile because of

preexisting conditions, i.e., age, inexperience, lack of education, to seek other

employment.” 108 N.C. at 766, 425 S.E.2d at 457; see also Wilkes v. City of Greenville,

243 N.C. App. 491, 500, 777 S.E.2d 282, 289 (2015), rev. allowed, writ allowed, 784

S.E.2d 468 (N.C. 2016), aff’d as modified, 369 N.C. 730, 799 S.E.2d 838 (2017)

(holding employee met his burden of proof that it was futile to seek sedentary

employment when he had a tenth grade education, was 60 years old, had an IQ of 65,

and was physically incapable of performing previous job); Thompson v. Carolina

Cabinet Co., 223 N.C. App. 352, 357, 734 S.E.2d 125, 128 (2012) (concluding it would

be futile for the claimant to seek other employment because he was 45 years old, had

 13
 GRIFFIN V. ABSOLUTE FIRE CONTROL

 Opinion of the Court

only completed high school, his work experience was limited to heavy labor jobs, and

he was restricted to lifting no more than 15 pounds); Johnson v. City of Winston

Salem, 188 N.C. App. 383, 392, 656 S.E.2d 608, 615 (2008) (holding that evidence

tended to show that effort to obtain sedentary light-duty employment, consistent with

doctor’s restrictions, would have been futile given plaintiff’s limited education,

limited experience, limited training, and poor health); Weatherford v. Am. Nat’l Can

Co., 168 N.C. App. 377, 383, 607 S.E.2d 348, 352-523 (2005) (upholding Commission’s

conclusion that plaintiff was disabled under prong three based on plaintiff’s evidence

that he was 61, had only a GED, had worked all of his life in maintenance positions,

was suffering from severe pain in his knee, and was restricted from repetitive

bending, stooping, squatting, or walking for more than a few minutes at a time).

 In the present case, on the claim of futility, the Commission found:

 37. Based upon a preponderance of the evidence
 in view of the entire record, the Full Commission finds that
 Plaintiff has failed to show that he is disabled. . . . He has
 not . . . shown that it would be futile due to preexisting
 factors to search for work.

And then concluded:

 5. Furthermore, Plaintiff has not otherwise
 proven that he is disabled. . . . No evidence was presented
 that Plaintiff is capable of some work, but that seeking
 work would be futile because of preexisting conditions,
 such as age, inexperience, or lack of education, to seek
 employment.

 However, the Commission also found:

 14
 GRIFFIN V. ABSOLUTE FIRE CONTROL

 Opinion of the Court

 1. At the time of the hearing before the Deputy
 Commissioner, Plaintiff was forty-nine years old. Plaintiff
 has a ninth-grade education and has worked primarily in
 the construction industry building houses or as a pipefitter.

 2. Plaintiff began working for Defendant-
 Employer on June 4, 2007 as a pipefitter and he has been
 employed by Defendant-Employer since that date.

 ...

 16. On March 21, 2016, Dr. Jaffe assigned
 Plaintiff permanent restrictions of no lifting more than
 twenty pounds, alternate sitting and standing, no bending,
 and to wear a brace while working. . . .

 ...

 21. With regard to Plaintiff reaching maximum
 medical improvement, on 2 June 2017, Dr. Jaffe recorded
 that it was his opinion, . . . There are some days [Plaintiff]
 needs to leave work because of increased pain.

 It is unclear how the Commission concluded that Plaintiff presented “no

evidence” on futility given its findings reflect factors our appellate courts have found

to support a finding of futility. Plaintiff’s circumstance is quite similar, for example,

to that of the employee in Thompson in the respective parties’ ages, work experience,

educational attainment, and work restrictions.3 Plaintiff is 52 years old, 49 years old

 3 Neither the employee in Thompson nor any of the employees in the cases cited above
benefited from a presumption of disability. Each of the employees met their burden of proving
disability through a showing of futility under Russell and through Medlin. See, e.g., Thompson, 223
N.C. App. at 356, 734 S.E.2d at 127 (“In the instant case, plaintiff has met his initial burden to show
that he was totally disabled from September 10, 2008 and continuing, by showing that a job search
would be futile in light of his physical and vocational limitations.”).

 15
 GRIFFIN V. ABSOLUTE FIRE CONTROL

 Opinion of the Court

at the time of the hearing, has a ninth-grade education, has worked primarily in the

construction industry building houses or as a pipefitter, and has been employed by

Defendant for over ten years. See Thompson, 223 N.C. App. at 359, 734 S.E.2d at 129

(“[P]laintiff was, at the time of [the Commission’s] decision, 45 years old, had only

completed high school, and his work experience was limited to heavy labor jobs.”).

Plaintiff suffers from a ten percent permanent partial disability, which restricts him

from lifting anything over 20 pounds and bending, and there “are some days

[Plaintiff] needs to leave work because of increased pain.” Id. (“[Plaintiff] was

restricted to lifting no more than 15 pounds. . . . He was required to avoid repetitious

bending, lifting, and twisting. . . . Further, plaintiff was experiencing steady pain,

although that pain varied greatly in intensity.”). These findings clearly constitute

evidence consistent with a holding of disability as they implicate every factor stressed

in Russell’s discussion of futility. 108 N.C. at 766, 425 S.E.2d at 457 (“[I]t would be

futile because of preexisting conditions, i.e., age, inexperience, lack of education, to

seek other employment.”).4

 4 While Defendant argues Plaintiff possesses “marketable skills” that show he would be able
to find employment, the Commission made no findings that support Defendant’s position.

 16
 GRIFFIN V. ABSOLUTE FIRE CONTROL

 Opinion of the Court

 In short, the Commission’s conclusion that there was no evidence to support

Plaintiff’s claim of futility reflects a misapplication of the governing precedent and is

undermined by its own findings (and lack thereof).5

 iii. Suitable Employment

 We now turn to the Commission’s holding that the fabrication shop position

was suitable employment and not make work.

 As previously discussed, makeshift positions or “made work” are those that

have been so altered that they are not ordinarily available on the job market and thus

are not indicative of an employee’s earning capacity; this despite the fact the

employee may be earning the same wages or more post-injury. Peoples, 316 N.C. at

437, 342 S.E.2d at 805. The harm the make-work inquiry aims to address is plain:

“[i]f an employee has no ability to earn wages competitively, the employee will be left

with no income should the employee’s job be terminated.” Id. at 438, 342 S.E.2d at

806.

 5 The dissent states that we cannot review the Commission’s futility conclusion. Specifically,
the dissent argues that finding of fact 37, which “found,” in part, that Plaintiff had not “shown that it
would be futile . . . to search for work” “is binding upon this Court” as it was not challenged by Plaintiff
on appeal. Griffin, infra at ___. It is well-established, however, that labels are not dispositive in our
review of a lower court’s factual findings and conclusions of law. See State ex rel. Utils. Comm’n v.
Eddleman, 320 N.C. 344, 352, 358 S.E.2d 339, 346 (1987) (“Proper labeling [of findings of fact and
conclusions of law] might have made this Court’s task a little easier, but we nonetheless have been
able to separate facts from conclusions in examining appellants’ various assignments of error.”).
Concluding that Plaintiff had not shown futility requires legal reasoning, see discussion supra Section
III.B.ii, and, as such, constitutes a conclusion of law. See In re Helms, 127 N.C. App. 505, 510, 491
S.E.2d 672, 675 (1997) (“[A]ny determination requiring the exercise of judgment or the application of
legal principles is more properly classified a conclusion of law.”). Further, the Plaintiff unmistakably
challenges this legal reasoning, meaning it is subject to de novo review by our Court. Gregory, 212
N.C. App. at 295, 713 S.E.2d at 74.

 17
 GRIFFIN V. ABSOLUTE FIRE CONTROL

 Opinion of the Court

 Assessing whether a position exists with employers beyond a defendant-

employer is an essential part of the make-work inquiry, because

 [t]he Worker’s Compensation Act does not permit
 [employers] to avoid [their] duty to pay compensation by
 offering an injured employee employment which the
 employee under normally prevailing market conditions
 could find nowhere else and which the employer could
 terminate at will, or . . . for reasons beyond its control.

Peoples, 316 N.C. at 439, 342 S.E.2d at 806. Thus, we look outward to the competitive

marketplace to determine whether or not a position “accurately reflect[s] the person’s

ability to compete with others for wages . . . should the employee’s job be terminated.”

Id. at 438, 342 S.E.2d at 806; see Saums, 346 N.C. at 765, 487 S.E.2d at 750 (“There

is no evidence that employers, other than defendant, would hire plaintiff to do a

similar job at a comparable wage.”) (emphasis added); Smith v. Sealed Air Corp., 127

N.C. App. 359, 489 S.E.2d 445 (1997) (holding a position make work when the

employer failed to show that there were others who would hire claimant for a similar

job at a similar wage).

 In the instant case, the Commission’s findings and conclusion failed to address

the central tenet of the make-work analysis: whether the job is available with

employers other than Defendant. There is no evidence in the record and no findings

by the Commission as to whether the fabrication shop position exists in the

competitive job market. Furthermore, there is no evidence that any employer, other

than Defendant, would hire Plaintiff in the same or similar job. In fact, Plaintiff

 18
 GRIFFIN V. ABSOLUTE FIRE CONTROL

 Opinion of the Court

highlighted record evidence indicating that even Defendant might not have hired him

if not for their longstanding relationship.6

 The Commission’s assessment of whether Defendant offered Plaintiff suitable

employment is inwardly focused. Its holding that “Defendant’s unique hiring practice

of hiring based upon word of mouth and personal recommendations” means the

position was “available to individuals in the marketplace” exemplifies this

shortcoming.7 Such a conclusion defines the competitive marketplace based on

Defendant’s admittedly idiosyncratic employment practices, i.e., if it exists with this

employer, then it is necessarily available on the open market under normal

conditions. This, of course, is not so. And, as noted above, the Workers’

Compensation Act does not find suitable positions an employee “could find nowhere

else[,]” thus leaving him or her unemployable should his or her employer no longer

offer said position.8 Peoples, 316 N.C. at 439, 342 S.E.2d at 806.

 6 Mr. Younts’ testimony is particularly salient on this point, where in response to Defense
counsel’s question, “If someone in [Plaintiff’s] position here, only being able to lift twenty pounds,
applied for a job in the loose material side, would that discount him from [the fabrication position]
job?” Mr. Younts testified, “Yes, it probably would . . . Not knowing him, walk – walking in off the
street, not having any recommendations from any other employers, yes it probably would.”
 7 The narrowness of the Commission’s conception of the marketplace is underlined when it

concedes this position’s sole connection to open competitive market is “confined to Defendant-
Employer’s unique ‘advertisement[,]’” i.e., the aforementioned word of mouth and personal
recommendations.
 8 The Commission also found that Defendant had a “regular and constant need to keep staffed”

the position in question and did not “specifically tailor[] or create[] [it] for Plaintiff.” Though Plaintiff
challenges whether these findings are supported by competent evidence, a review of the record shows
Mr. Younts testified that the position was permanent, Defendant had a regular and constant need to
keep it staffed, and Defendant did not specifically tailor the position for Plaintiff. Given that this
Court’s duty in reviewing factual findings “goes no further than to determine whether the record

 19
 GRIFFIN V. ABSOLUTE FIRE CONTROL

 Opinion of the Court

 IV. Conclusion

 For the above reasons, we affirm the Commission’s findings and conclusion

that Plaintiff did not make a reasonable but unsuccessful effort to obtain

employment.

 We reverse and remand for additional findings as to whether Plaintiff made a

showing of disability since the only factual findings in the record are consistent with

a conclusion of disability under the futility method from Russell.

 Lastly, we remand for further findings as to whether the fabrication shop

position is available on the competitive marketplace such that it constitutes suitable

employment.

 AFFIRMED IN PART; REVERSED IN PART AND REMANDED.

 Jude COLLINS concurs.

 Judge TYSON concurs in part and dissents in part by separate opinion.

contains any evidence[,]” we conclude that the Commission’s findings on these points are supported by
competent evidence. Adams v. AVX Corp., 349 N.C. at 681, 509 S.E.2d at 414. While these findings
afford Defendant room to argue suitability on remand, they do not change the fact that the
Commission’s analysis was improperly skewed to focus on the employer’s workplace as opposed to the
broader marketplace.

 20
 No. COA19-461 – Griffin v. Absolute Fire Control

 TYSON, Judge, concurring in part and dissenting in part.

 The majority’s opinion correctly determines and properly affirms the

Commission’s findings and conclusion that Plaintiff failed to make any reasonable

efforts to obtain other employment. Plaintiff failed to carry and meet his burden to

prove any disability.

 Overruling the Commission’s unchallenged findings and conclusion by

asserting a double-negative burden on Defendant to disprove disability through a

showing of non-futility is error. This Court cannot disregard our appellate standard

of review and substitute new fact findings on the evidence.

 It is unnecessary to address either the futility or suitable employment

arguments. Remand is unnecessary. Applying the correct appellate standard of

review and long-established burdens on the Plaintiff, I vote to affirm the

Commission’s findings and conclusions of law in the Commission’s opinion and award

in their entirety. I concur in part and respectfully dissent in part.

 I. Standard of Review

 The Supreme Court of North Carolina, and applied by this Court long ago,

established the proper appellate standard of review of the Industrial Commission’s

opinion and award. An appellate “[c]ourt’s duty goes no further than to determine

whether the record contains any evidence tending to support the finding.”

Richardson v. Maxim Healthcare/Allegis Group, 362 N.C. 657, 660, 689 S.E.2d 582,

584 (2008) (citation and quotations omitted).
 GRIFFIN V. ABSOLUTE FIRE CONTROL

 TYSON, J., concurring in part and dissenting in part

 “The Commission is the sole judge of the credibility of the witnesses and the

weight to be given their testimony.” Anderson v. Lincoln Constr. Co., 265 N.C. 431,

433-34, 144 S.E.2d 272, 274 (1965). “It is the duty of the Commission to decide the

matters in controversy and not the role of this Court to re-weigh the evidence.” Starr

v. Gaston Cty. Bd. Of Educ., 191 N.C. App. 301, 305, 663 S.E.2d 322, 325 (2008).

 II. Futility

 The Commission’s unchallenged finding of fact thirty-seven states:

 Based upon a preponderance of the evidence in view of the
 entire record, the Full Commission finds that Plaintiff has
 failed to show that he is disabled. To the contrary, a
 preponderance of the evidence shows that Plaintiff is able
 to earn his pre-injury wages with Defendant-Employer in
 a suitable position that is within his permanent work
 restrictions. Furthermore, none of Plaintiff’s treating
 physicians have removed him from work in any
 employment. He has not made a reasonable, but
 unsuccessful search for work nor has he shown that it
 would be futile due to preexisting factors to search for
 work. Plaintiff has not proven that he is disabled in
 employment outside of his employment with Defendant-
 Employer.

 This finding of fact is supported by competent evidence in the record, is not

challenged by Plaintiff, and is binding upon this Court on appeal. The majority’s

opinion disregards long-established precedents and purports to substitute, re-cast,

and re-weigh the evidence before the Commission to arrive at its conclusion. The

Commission, not this Court, is the “sole judge of the weight and credibility of the

 -2-
 GRIFFIN V. ABSOLUTE FIRE CONTROL

 TYSON, J., concurring in part and dissenting in part

evidence.” Deese v. Champion Int’l Corp., 352 N.C. 109, 116, 530 S.E.2d 549, 553

(2000).

 The majority’s opinion seeks to re-classify finding of fact thirty-seven as a

conclusion of law, to ignore long-established precedents in treating unchallenged

findings of fact from the Commission as binding and to disregard the appellant’s

burden before the Commission and this Court. The majority’s opinion’s footnote cites

a wholly inapposite juvenile neglect and dependency case. In re Helms, 127 N.C. App.

505, 510, 491 S.E.2d 672, 675 (1997) (“[A]ny determination requiring the exercise of

judgment or the application of legal principles is more properly classified a conclusion

of law.”).

 The very next sentence in Helms, omitted by the majority, states “[a]ny

determination reached through ‘logical reasoning from the evidentiary facts’ is more

properly classified a finding of fact.” Id (quoting Quick v. Quick, 305 N.C. 446, 452,

290 S.E.2d 653, 657-58 (1982)). Unlike Helms, where the application of statutory

legal principles was involved, unchallenged finding of fact thirty-seven does not

involve the application of legal principles, merely “logical reasoning from the

evidentiary facts,” and is correctly designated as an unchallenged and binding on

appeal finding of fact. Id.

 Beyond the error of improperly classifying and re-weighing the evidence, the

majority opinion’s analysis and application of Russell v. Lowes Product Distribution,

 -3-
 GRIFFIN V. ABSOLUTE FIRE CONTROL

 TYSON, J., concurring in part and dissenting in part

108 N.C. App. 762, 425 S.E.2d 454 (1993), is erroneous. All of the cases cited in the

majority’s opinion found competent evidence in their records to uphold the

Commission’s findings, properly applying the standard of review and the

requirements of Russell to show futility. See Wilkes v. City of Greenville, 243 N.C.

App. 491, 500, 777 S.E.2d 282, 289 (2015) (upholding the futility of seeking

employment when plaintiff was sixty years old, had an IQ of 65, read at a second

grade level, and was physically unable to complete the work), aff’d as modified, 369

N.C. 730, 799 S.E.2d 838 (2017); Thompson v. Carolina Cabinet Co., 223 N.C. App.

352, 359, 734 S.E.2d 125, 129 (2012) (upholding the futility of a forty-five year old,

who completed high school, was restricted to lifting no more than fifteen pounds, and

whose prior work experience was limited to heavy labor jobs); Johnson v. City of

Winston-Salem, 188 N.C. App. 383, 392, 656 S.E.2d 608, 615 (2008) (upholding the

futility of finding a job of a thirty-eight-year-old high school graduate with conflicting

testimony regarding futility); Weatherford v. Am. Nat’l Can Co., 168 N.C. App. 377,

383, 607 S.E.2d 348, 352-53 (2005) (upholding the futility of a sixty-one-year-old

maintenance worker who had retired due to inability to work due to knee pain).

 Our Supreme Court in Wilkes examined a similar issue regarding futility when

it also upheld the findings and an award of the Commission that it was futile for that

plaintiff to seek sedentary employment. The plaintiff in Wilkes had a tenth-grade

education, was over the age of sixty years old, and had a limited IQ of 65. Wilkes, 369

 -4-
 GRIFFIN V. ABSOLUTE FIRE CONTROL

 TYSON, J., concurring in part and dissenting in part

N.C. at 745, 799 S.E.2d at 849. Our Supreme Court upheld the Commission’s findings

concerning how anxiety and depression affected his ability to work but remanded for

additional findings related to his compensable tinnitus. Id. at 746, 799 S.E.2d at 850.

The findings related to his alleged compensable tinnitus were absent from the

conclusion that the plaintiff was disabled. Id. at 747-48, 799 S.E.2d at 850.

 Here, the Commission found no evidence of Plaintiff showing it “would be futile

due to pre-existing factors to search for work” as a result of Plaintiff’s only complained

of injury. The Commission also made no bifurcated analysis and made only one

conclusion which included all of Plaintiff’s alleged injuries. No other unaddressed

injury exists upon which to remand to the Commission for further findings. The

holding in Wilkes is inapposite and does not support the majority’s conclusion. See id.

 The Court in Wilkes relied, in part, on Peoples v. Cone Mills Corp., where our

Supreme Court held: “In order to prove disability, the employee need not prove he

unsuccessfully sought employment if the employee proves he is unable to obtain

employment.” Peoples v. Cone Mills Corp., 316 N.C. 426, 444, 342 S.E.2d 798, 809

(1986) (emphasis supplied). Under Peoples, Plaintiff, not Defendant, carries the

burden to provide evidence of the futility of his established duty to find work, where

disability has not been proven. Id. We all agree and concur in the Commission’s

finding and conclusion that Plaintiff failed to make any reasonable efforts to obtain

other employment.

 -5-
 GRIFFIN V. ABSOLUTE FIRE CONTROL

 TYSON, J., concurring in part and dissenting in part

 Here, the Commission found Plaintiff remains employed in a job at his original

employer performing work his physician had approved at “his pre-injury wages,” and

hours, where he had been working for the past five years. Plaintiff, not his employer,

carries the burden to prove he was unable to find work. Id. Nothing in the record

supports the conclusion that Plaintiff made any effort to meet or carry this burden or

demonstrate futility. See id.

 In Russell, this Court upheld the Commission’s findings of futility when a

thirty-five-year-old fork-lift operator with a high school equivalency degree could no

longer bend forward, engage in overhead activity, stand or sit for prolonged periods

of time, or engage in prolonged lifting of any weight greater than twenty-five pounds.

Russell, 108 N.C. App. at 766, 425 S.E.2d at 457.

 In Thompson, our Court upheld the Commission’s finding of futility where the

claimant was a forty-five-year-old high school graduate who could not lift more than

fifteen pounds. Thompson, 223 N.C. App. at 359, 774 S.E.2d at 129. This Court

concluded “the Commission’s findings are sufficient to support its conclusion that

plaintiff met his burden of showing futility.” Id.

 By re-weighing the evidence, and comparing the characteristics and injuries of

Plaintiff, the majority’s opinion misconstrues and misapplies the holding of Russell

and its progeny by ignoring an unchallenged and binding finding of fact,

“rummage[ing] through the record” to support its notion to shift the burden and to

 -6-
 GRIFFIN V. ABSOLUTE FIRE CONTROL

 TYSON, J., concurring in part and dissenting in part

re-weigh the evidence to reach a contrary finding. Dogwood Dev. & Mgmt. Co., LLC

v. White Oak Transp. Co., 192 N.C. App. 114, 118, 665 S.E.2d 493, 497 (2008) (citation

omitted).

 Compounding this error of burden shifting and factual comparisons, the

majority’s opinion further disregards long-established precedents from our Supreme

Court. Our Supreme Court held: “The relevant inquiry under G.S. 97-29 is not

whether all or some persons with plaintiff’s degree of injury are capable of working

and earning wages, but whether plaintiff herself has such capacity.” Little v. Anson

Cty. Schs. Food Serv., 295 N.C. 527, 531, 246 S.E.2d 743, 746 (1978).

 The majority’s opinion applies broad generalizations based upon re-weighing

characteristics and capabilities, instead of the individualized analysis our Supreme

Court articulated in Little, and as the Commission correctly applied here. In all the

above cases, the Court upheld the findings and a conclusion of disability by the

Commission. See id.

 This Court also upheld the Commission’s finding of futility in Johnson, where

there had been conflicting testimony before the Commission regarding futility.

Johnson, 188 N.C. App. at 392, 656 S.E.2d at 615. In Weatherford, the treating

physician testified that if the plaintiff had not retired, the plaintiff would not have

been allowed to continue to work. Weatherford, 168 N.C. App. at 383, 607 S.E.2d at

 -7-
 GRIFFIN V. ABSOLUTE FIRE CONTROL

 TYSON, J., concurring in part and dissenting in part

352-53. Our Court upheld the Commission’s finding of disability when the worker

retired after unsuccessfully attempting to return to work due to knee pain. Id.

 Unlike cases cited in the majority’s opinion which all uphold and support the

Commission’s finding of futility, the majority’s opinion disregards the standard of

appellate review, shifts the burden to the employer to prove a double negative, re-

weighs the evidence, and overrules the Commission’s findings and conclusions.

 Plaintiff testified to the background of how he had sustained his injury and his

ability to continue working as a pipe fitter. Since his injury, Plaintiff continues to

work with Defendant at the same hours and wages with his physician’s approval. We

all agree the Full Commission correctly found and concluded Plaintiff is not disabled

and had made no efforts to obtain other employment. Nothing suggests Plaintiff

searched for and cannot find a job. No evidence shows he would not be able to find a

job to fit his limitations, experience, and education after having been employed and

working.

 The majority’s opinion unlawfully purports to shift and place a burden upon

Defendant to prove competitive jobs exist in the market for which Plaintiff is qualified

and can physically accomplish. This shifting of burden is error. Unless Plaintiff

initially meets his prima facie case of proving disability, Defendant has no burden for

production or proof. Hilliard v. Apex Cabinet Co., 305 N.C. 593, 595, 290 S.E.2d 682,

683 (1982). Plaintiff continues to work for his same employer at the same pre-injury

 -8-
 GRIFFIN V. ABSOLUTE FIRE CONTROL

 TYSON, J., concurring in part and dissenting in part

wages and hours with his physician’s restrictions. We all agree Plaintiff failed to

make any reasonable efforts to obtain other employment, and Plaintiff failed to carry

and meet his burden to prove any disability.

 III. Conclusion

 Competent evidence in the whole record supports the Commission’s

unchallenged finding and conclusion that Plaintiff had not carried his burden to

demonstrate disability or any futility to search for other suitable employment. The

Commission’s opinion and award is supported by undisputed facts: Plaintiff continues

to work with his original employer, at his pre-injury hours, with his pre-injury

schedule, and within his physician’s restrictions. The Full Commission’s findings of

fact are unchallenged, and its conclusions and award is supported by competent

evidence.

 As the “sole judge of the weight and credibility of the evidence” the

Commission’s opinion and award is properly affirmed in its entirety. Deese, 352 N.C.

at 116, 530 S.E.2d at 553. The majority’s opinion disregards the appellate standard

of review of the Commission’s order, shifts and imposes a burden of proof upon

Defendant without proof of disability, re-weights the evidence, and misapplies

controlling precedents. See id. I vote to affirm the Commission’s opinion and award

in its entirety and respectfully dissent.

 -9-