IN THE COURT OF APPEALS OF NORTH CAROLINA

 2022-NCCOA-30

 No. COA21-316

 Filed 18 January 2022

 I.C. No. 16-762129

 WENDY MONROE, Employee, Plaintiff,

 v.

 MV TRANSPORTATION, Employer, SELF-INSURED (BROADSPIRE, Third-Party
 Administrator) Defendant.

 Appeal by plaintiff from opinion and award entered 3 March 2021 by the North

 Carolina Industrial Commission. Heard in the Court of Appeals 15 December 2021.

 The Sumwalt Group, by Vernon Sumwalt and Christa Sumwalt, for plaintiff-
 appellant.

 Wilson Ratledge, PLLC, by Kristine L. Prati, for defendant-appellee.

 ARROWOOD, Judge.

¶1 Wendy Monroe (“plaintiff”) appeals from the North Carolina Industrial

 Commission’s (the “Commission”) opinion and award concluding plaintiff had not

 satisfied her burden of proof to establish that she was entitled to disability benefits.

 For the following reasons, we vacate the Commission’s opinion and remand for

 additional findings.

 I. Background
 MONROE V. MV TRANSPORTATION

 2022-NCCOA-30

 Opinion of the Court

¶2 Plaintiff began working for MV Transportation (“defendant-employer”) in

 April 2016 as a part-time dispatcher and bus driver, where she earned $10.50 per

 hour. At the time, plaintiff was in her late forties, had a bachelor’s degree, and had

 been receiving Social Security disability benefits since 1994 for an unrelated medical

 condition.1

¶3 Around 5:00 a.m. on 4 November 2016, plaintiff was performing a routine bus

 inspection. While checking the emergency windows, plaintiff “placed her left knee

 and part of her body weight on [a] bus seat and leaned towards the windows.”

 Because the floor of the bus was wet and slippery, when plaintiff “stepped back with

 her right foot to reenter the bus aisle, she lost her footing, hit her left shin, and

 twisted her back and right knee.” Plaintiff was able to catch herself, but “ended up

 leaning slightly backwards in an awkward position, with her left knee still on the

 seat.”

¶4 Initially, plaintiff did not report the incident as she thought she had merely

 lightly injured her shin. However, “[w]ithin an hour” of the incident, plaintiff noticed

 “back pain, left shin pain, and pain in both her knees[,]” all of which interfered with

 her work. Thereafter, plaintiff reported the injury to her supervisor, who instructed

 plaintiff to seek treatment at “Med First Immediate Care and Family Practice.”

 1 Plaintiff had been diagnosed with having PTSD.
 MONROE V. MV TRANSPORTATION

 2022-NCCOA-30

 Opinion of the Court

¶5 Plaintiff made multiple visits to Med First Immediate Care and Family

 Practice. Plaintiff complained of pain in her lower back and knees; x-rays were

 performed on her lumbar spine, which “showed spondylosis,” and on her knees, which

 “were both negative.” On 7 November 2016, plaintiff “attempted to work, but had so

 much pain and difficulty that she returned to Med First” and was referred to the

 emergency room. Plaintiff received various restrictions for her work, including,

 among others, alternating between sitting and standing, and avoiding lifting over 20

 pounds. On a few occasions, plaintiff tried returning to work; however, she continued

 to experience pain and was ultimately relieved by her supervisor on

 15 November 2016. After that, plaintiff never returned to work.

¶6 For the three years that followed, plaintiff attended many medical

 appointments, throughout which she was given multiple referrals, as well as physical

 therapy and injection therapy to manage her persistent pain. Particularly, an MRI

 of her right knee performed 15 February 2018 revealed “complete cartilage loss in the

 medial compartment and a root tear avulsion of the posterior horn of the medial

 meniscus.” On 14 January 2019, plaintiff “presented with severe progressive right

 knee pain[,]” which she found at times intolerable, and “walked with a limp”; at this

 point, a doctor deemed plaintiff “an appropriate candidate for a right total knee

 arthroplasty.”
 MONROE V. MV TRANSPORTATION

 2022-NCCOA-30

 Opinion of the Court

¶7 After seeking opinions regarding partial knee replacement surgery versus a

 full knee replacement, plaintiff “was scheduled for a partial knee replacement on

 March 21, 2019, but . . . had to reschedule it because of the availability of a home

 health care nurse.” The surgery was then scheduled for 11 April 2018; however, due

 to a “miscommunication” and “complication with one of her medications,” the surgery

 was canceled.

¶8 Plaintiff’s claim, which was originally denied, was ultimately heard before

 Deputy Commissioner Lori A. Gaines (the “Deputy Commissioner”) on 14 June 2019.

 At that time, “[p]laintiff was waiting to schedule the partial knee replacement

 surgery.”

¶9 At the hearing, plaintiff introduced as her exhibits, among other things,

 medical records pertaining to her injury. Many of these medical records showed that

 multiple medical providers described plaintiff’s “work status” following her injury as:

 “Unable to work secondary to dysfunction.” After the hearing, “the parties took

 depositions of Dr. Arlene Hallegado, Stephen Free, PA-C, and Dr. Robert Boswell.”

 During their respective depositions, all three medical professionals opined that they

 would have recommended work restrictions for plaintiff as a result of her injury and

 ongoing treatment.

¶ 10 In an opinion and award filed 7 February 2020, the Deputy Commissioner

 concluded that plaintiff had proven her injury was caused by an accident, and,
 MONROE V. MV TRANSPORTATION

 2022-NCCOA-30

 Opinion of the Court

 “[b]ased upon a preponderance of the evidence in view of the entire record, . . . that

 [p]laintiff ha[d] proven a causal connection between her November 4, 2016 work-

 related accident and the injuries to her low back and right knee.” Then, the Deputy

 Commissioner found that “[f]rom November 7, 2016 to November 14, 2016 until her

 release to limited duty with restrictions, [p]laintiff was written entirely out of work.”

 “Therefore,” the Deputy Commissioner concluded that plaintiff had “met her burden

 of proving disability for that period of time.”

¶ 11 The Deputy Commissioner continued:

 Plaintiff was given limited duty restrictions on
 November 11, 2016 but was not written out of work after
 that date. However, in order to determine Plaintiff’s loss
 of wage-earning capacity, the Commission must take into
 account the significant restrictions Plaintiff has been
 provided, her age, her work history, her ongoing back and
 right knee pain, and her education . . . . Taking these
 factors into account, the undersigned concludes that
 because of her compensable injuries, Plaintiff has been
 unable to earn wages in the same or similar employment,
 and therefore she is entitled to total disability
 compensation beginning November 15, 2016, and
 continuing until she returns to work, until further order of
 the Industrial Commission, or until compensation is
 otherwise legally terminated.

 (Emphasis added.) Then, the Deputy Commissioner concluded that plaintiff was

 “entitled to medical compensation for such treatment as is reasonably necessary to

 effect a cure, provide relief, or lessen the period of disability associated with [her]

 conditions related to the November 4, 2016 injuries.”
 MONROE V. MV TRANSPORTATION

 2022-NCCOA-30

 Opinion of the Court

¶ 12 The Deputy Commissioner awarded plaintiff the following: that defendant-

 employer “shall pay temporary total disability compensation to plaintiff at the rate of

 $131.24 per week2 for the period from November 15, 2016 and continuing until

 plaintiff returns to work or further order of the Commission, [and] any amounts

 having accrued shall be paid in lump sum”; that plaintiff was entitled to have

 defendant-employer “provide all medical treatment, incurred or to be incurred,

 necessitated by the compensable 4 November 2016 injuries by accident, including but

 not limited to the proposed surgery for plaintiff’s right knee replacement surgery”;

 and “[a] reasonable attorney’s fee in the amount of twenty-five percent . . . .”

¶ 13 Defendant filed notice of appeal on 10 February 2020 to the Full Commission.

 The appeal was heard on 21 July 2020.

¶ 14 In an Opinion and Award filed 3 March 2021, the Commission found, among

 other things, that plaintiff was 51 years old at the time of the second hearing, had

 begun working for defendant-employer in 2016 as a part-time dispatcher and bus

 driver, where she earned $10.50 per hour, and had been receiving Social Security

 disability benefits for an unrelated medical condition since 1994.

¶ 15 The Commission found that, on 4 November 2016, plaintiff incurred an injury

 as described before the Deputy Commissioner, as a result of which plaintiff received

 2 This monetary amount was consistent with plaintiff’s weekly compensation rate of $131.24,

 derived from her average weekly wage of $196.86 while employed by defendant-employer.
 MONROE V. MV TRANSPORTATION

 2022-NCCOA-30

 Opinion of the Court

 work restrictions. Plaintiff had returned to work on 15 November 2016, but was

 relieved by her supervisor due to pain; thereafter, she never worked again. The

 Commission also found that, between November 2016 and November 2019, plaintiff

 underwent multiple medical examinations with multiple doctors, which included

 MRIs, physical therapy, injection therapy, referrals, use of a knee brace, and

 recommendations for surgery.

¶ 16 The Commission found that, at the time of the hearing, plaintiff had not yet

 undergone surgery “for various reasons, including a complication with her

 medications and a miscommunication with scheduling,” but intended to do so. The

 Commission also found plaintiff had not looked for work, or “worked in any capacity,”

 since 15 November 2016. The Commission made no findings pertaining to the

 medical records included in plaintiff’s exhibits regarding plaintiff’s work status as

 being described as “[u]nable to work secondary to dysfunction.”

¶ 17 Then, the Commission found, “[b]ased upon the preponderance of the evidence

 in view of the entire record,” that plaintiff’s “low back and right knee conditions and

 current need for treatment [we]re causally related to her incident at work on

 November 4, 2016.” It further found that plaintiff’s “treatment for her low back and

 right knee conditions, and her need for additional treatment, [were] reasonably

 necessary to effect a cure or provide relief of [her] conditions.” The Commission then
 MONROE V. MV TRANSPORTATION

 2022-NCCOA-30

 Opinion of the Court

 found that, although plaintiff “ha[d] some work restrictions related to her low back

 and right knee conditions[,] . . . she is not restricted from all work.”

¶ 18 The Commission concluded plaintiff’s 4 November 2016 incident constituted

 an “accident” under North Carolina law, and that plaintiff had “met her burden of

 proving a causal relationship between her medical conditions and the accident.”

 Thus, “plaintiff [wa]s entitled to payment of medical treatment for her right knee and

 low back conditions, including pain management for her low back and orthopedic

 treatment for her right knee, for so long as such treatment is reasonably necessary to

 either effect a cure or provide relief.”

¶ 19 Next, the Commission addressed the issue of whether plaintiff had met her

 burden of proving she had a disability as a result of her injuries. The Commission

 stated: “The burden of proof rests with [p]laintiff to establish disability as a result of

 her compensable injury.” Then, citing Hilliard v. Apex Cabinet Co., 305 N.C. 593,

 595, 290 S.E.2d 682, 683 (1982), it continued: “To satisfy this burden, [p]laintiff must

 show that, due to her compensable injury, she is incapable of earning her pre-injury

 wages in her pre-injury job or any other form of employment.”

¶ 20 The Commission listed the following four factors, as provided by Russell v.

 Lowes Prod. Distrib., 108 N.C. App. 762, 765, 425 S.E.2d 454, 457 (1993) (the “Russell

 factors”) as what plaintiff may use “to establish disability”:
 MONROE V. MV TRANSPORTATION

 2022-NCCOA-30

 Opinion of the Court

 (1) the production of medical evidence that [plaintiff] is
 physically or mentally, as a consequence of the work
 related injury, incapable of work in any employment; (2)
 the production of evidence that [s]he is capable of some
 work, but that [s]he has, after a reasonable effort on [her]
 part, been unsuccessful in [her] effort to obtain
 employment; (3) the production of evidence that [s]he is
 capable of some work but that it would be futile because of
 preexisting conditions, i.e., age, inexperience, lack of
 education, to seek other employment; or (4) the production
 of evidence that [s]he has obtained other employment at a
 wage less than that earned prior to the injury.

 (Alterations in original.) Then, however, the Commission followed this by stating:

 “The Russell factors are not exhaustive and do not preclude the Commission from

 considering other means of satisfying the ultimate standard of disability set forth in

 Hilliard.”

¶ 21 The Commission found that plaintiff “failed to establish that she conducted a

 reasonable job search after she was placed on unpaid medical leave by Defendant-

 Employer,” “ha[d] not worked in any other employment since November 15, 2016,

 and . . . has not otherwise presented evidence to establish disability.” (Emphasis

 added.) Accordingly, the Commission concluded that plaintiff “was not entitled to

 disability compensation.”

¶ 22 The Commission awarded plaintiff that defendant-employer “pay for all

 medical treatment incurred or to be incurred for [p]laintiff’s compensable right knee

 and low back conditions . . . for so long as such treatment is reasonably necessary to
 MONROE V. MV TRANSPORTATION

 2022-NCCOA-30

 Opinion of the Court

 either effect a cure or provide relief.” Then, the Commission denied “plaintiff’s claim

 for temporary total disability compensation[,]” as well as plaintiff’s request for

 attorney’s fees and defendant-employer’s motion to dismiss.

¶ 23 Plaintiff filed written notice of appeal on 29 March 2021.

 II. Discussion

¶ 24 “Our review of an opinion and award of the Commission is limited to

 consideration of whether competent evidence supports the Commission’s findings of

 fact and whether the findings support the Commission’s conclusions of law.” Griffin

 v. Absolute Fire Control, Inc., 269 N.C. App. 193, 198, 837 S.E.2d 420, 424 (2020)

 (citation and quotation marks omitted), discretionary review improvidently allowed,

 376 N.C. 727, 2021-NCSC-9. “The findings of fact made by the Commission are

 conclusive on appeal if supported by competent evidence even if there is evidence to

 support a contrary finding.” Id. (citation and quotation marks omitted). “The

 Commission’s conclusions of law are reviewed de novo.” Id., 837 S.E.2d at 425

 (citation omitted).

¶ 25 Plaintiff argues the Commission’s findings of fact are insufficient to support,

 and for this Court to review, the conclusion that plaintiff did not meet her burden of

 proving disability. Specifically, plaintiff argues “the entire record contains evidence

 of the futility of making [plaintiff] look for work[,] considering her restrictions from

 the injury combined with preexisting factors unrelated to the injury[,] under the third
 MONROE V. MV TRANSPORTATION

 2022-NCCOA-30

 Opinion of the Court

 Russell method.” Accordingly, plaintiff requests this Court to remand to the

 Commission for further findings of fact. We agree.

¶ 26 “The term ‘disability’ means incapacity because of injury to earn the wages

 which the employee was receiving at the time of injury in the same or any other

 employment.” N.C. Gen. Stat. § 97-2(9) (2021). “Under Russell,” specifically the third

 Russell factor, “an employee may meet h[er] burden of proving disability by showing

 ‘the employee is capable of some work, but that it would be futile because of

 preexisting conditions, i.e., age, inexperience, lack of education, to seek other

 employment.’ ” Griffin, 269 N.C. App. at 202, 837 S.E.2d at 427 (emphasis added)

 (quoting Russell, 108 N.C. App. at 766, 425 S.E.2d at 457).

¶ 27 In Griffin, we reviewed the Commission’s opinion and award in which it had

 found as fact that the plaintiff in question was 49 years old, had a ninth-grade

 education, had worked “primarily in the construction industry building houses or as

 a pipefitter[,]” had been assigned “permanent restrictions of no lifting more than

 twenty pounds, alternate sitting and standing, no bending, and to wear a brace while

 working[,]” and at times had needed to “leave work because of increased pain.” Id. at

 203, 837 S.E.2d at 427-28. Then, in the same award and order, the Commission,

 “[b]ased upon a preponderance of the evidence in view of the entire record,” concluded

 that the plaintiff had not shown he was disabled, because “[n]o evidence was

 presented that [the] [p]laintiff [wa]s capable of some work, but that seeking work
 MONROE V. MV TRANSPORTATION

 2022-NCCOA-30

 Opinion of the Court

 would be futile because of preexisting conditions, such as age, inexperience, or lack of

 education . . . .” Id., 837 S.E.2d at 427 (emphasis added).

¶ 28 This Court made note of the discord between the Commission’s findings of fact

 and its conclusion, stating: “It is unclear how the Commission concluded that [the]

 [p]laintiff presented ‘no evidence’ on futility given its findings reflect factors our

 appellate courts have found to support a finding of futility.” Id., 837 S.E.2d at 428.

¶ 29 In fact, in Griffin, this Court listed a myriad of examples of cases in which our

 appellate courts have previously found evidence tending to prove a plaintiff’s

 disability by way of futility under Russell, including: Thompson v. Carolina Cabinet

 Co., 223 N.C. App. 352, 734 S.E.2d 125 (2012), in which the plaintiff in question “was

 45 years old, had only completed high school, [had] work experience . . . limited to

 heavy labor jobs, and . . . was restricted to lifting no more than 15 pounds”; Johnson

 v. City of Winston-Salem, 188 N.C. App. 383, 656 S.E.2d 608 (2008), in which an

 “effort to obtain sedentary light-duty employment, consistent with doctor’s

 restrictions, would have been futile given [the] plaintiff’s limited education, limited

 experience, limited training, and poor health”; and Weatherford v. Am. Nat’l Can Co.,

 168 N.C. App. 377, 607 S.E.2d 348 (2005), in which the plaintiff in question “was 61,

 had only a GED, had worked all of his life in maintenance positions, was suffering

 from severe pain in his knee, and was restricted from repetitive bending, stooping,
 MONROE V. MV TRANSPORTATION

 2022-NCCOA-30

 Opinion of the Court

 squatting, or walking for more than a few minutes at a time.” Griffin, 269 N.C. App.

 at 202, 837 S.E.2d at 427.

¶ 30 In Griffin, this Court concluded that “the Commission’s conclusion that there

 was no evidence to support [the] [p]laintiff’s claim of futility reflects a misapplication

 of the governing precedent and is undermined by its own findings (or lack thereof).”

 Id. at 204, 837 S.E.2d at 428. Accordingly, we reversed and remanded the opinion in

 part “for additional findings as to whether [the] [p]laintiff made a showing of

 disability[,] since the only factual findings in the record [we]re consistent with a

 conclusion of disability under the futility method from Russell.” Id. at 207, 837 S.E.2d

 at 430.

¶ 31 Plaintiff’s case is analogous. Plaintiff introduced the following evidence of

 “preexisting conditions” before the Commission: that she was in her fifties at the

 time the hearings began, had been receiving Social Security disability benefits

 unrelated to the incident in question for several decades, and, in spite of her

 bachelor’s degree, was working a part-time job in transportation earning $10.50 per

 hour, equivalent to less than minimum wage. See id. at 202, 837 S.E.2d at 427

 (quoting Russell, 108 N.C. App. at 766, 425 S.E.2d at 457).

¶ 32 The record also reflects that, after incurring her injury, from November 2016

 through November 2019, plaintiff received work restrictions, including to alternate

 between sitting and standing, to limit stooping, bending, and twisting, and to avoid
 MONROE V. MV TRANSPORTATION

 2022-NCCOA-30

 Opinion of the Court

 lifting more than 20 pounds. Then, plaintiff underwent innumerable medical

 evaluations and procedures, including MRIs, referrals, physical therapy, injections,

 and the use of a brace, culminating in a need for surgery. Furthermore, plaintiff

 continued to suffer persistent and worsening pain, with her knee frequently giving

 way.

¶ 33 Despite the Commission considering all of the above as findings of fact, it

 concluded that plaintiff had “not otherwise presented evidence to establish disability.”

 (Emphasis added.) Moreover, the Commission made no findings whatsoever

 regarding plaintiff’s exhibits containing copies of medical records in which plaintiff’s

 “work status” following her injury was labeled as “[u]nable to work secondary to

 dysfunction.”

¶ 34 The Commission’s conclusion that plaintiff presented no evidence of disability

 ignores the evidence plaintiff actually introduced during both hearings. In addition

 to this mistake, the Commission failed to consider whether plaintiff had, under

 Russell, met her burden of establishing her disability by showing that, though she

 was capable of some work following her injury, it would be futile to seek other

 employment at the time due to preexisting conditions, such as age, inexperience, lack

 of education, or a previous disability. See Griffin, 269 N.C. App. at 202, 837 S.E.2d

 at 427 (quoting Russell, 108 N.C. App. at 766, 425 S.E.2d at 457).
 MONROE V. MV TRANSPORTATION

 2022-NCCOA-30

 Opinion of the Court

¶ 35 “[G]iven its findings reflect factors our appellate courts have found to support

 a finding of futility[,]” and the fact that the Commission itself cited the futility method

 under Russell as a means by which a plaintiff may show disability, we are unable to

 reconcile the Commission’s findings, “or lack thereof[,]” to its conclusion that plaintiff

 failed to present any evidence showing disability. See id. at 203-204, 837 S.E.2d at

 428. Accordingly, we must vacate the opinion and award and remand for additional

 findings as to whether, under Russell, the evidence plaintiff presented is sufficient to

 establish disability by way of futility. See id. at 207, 837 S.E.2d at 430.

 III. Conclusion

¶ 36 We vacate and remand to the Commission to make further findings under the

 Russell tests.

 VACATED AND REMANDED.

 Judges INMAN and HAMPSON concur.